**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Pianka, | No. CV-14-02179-PHX-DGC (MHB) |
| Petitioner, | **ORDER** |
| v. | |
| Charles De Rosa, | |
| Respondent. | |

Pending before the Court is Petitioner's Motion for Emergency Injunctive Relief (Doc. 16). The Court will deny the motion.

## I.     Background.

Petitioner, a native of Poland and lawful permanent resident, was taken into ICE custody on June 7, 2013 and placed in removal proceedings under Section 240 of the Immigration and Nationality Act ("INA"). (Doc. 1 at 30.) Petitioner was issued a Notice to Appear, alleging that he is deportable because he is a citizen of Poland, not a citizen of the United States, and on July 18, 2012, he was convicted of possession of drug paraphernalia in Maricopa County Superior Court. (*Id.*)

On December 30, 2013, Petitioner appeared for a bond hearing before an Immigration Judge (IJ). Petitioner testified that he had obtained United States citizenship through his father, Adam Kostewicz, and that the record before the court showing that Mr. Kostewicz was neither his biological father nor his adoptive father was based on "fraudulent findings." (Doc. 1 at 38.)

The IJ found that "based on the evidence of record, [Petitioner] ha[d] not met his

burden" of establishing that he had derived citizenship from Mr. Kostewicz or from Petitioner's biological mother, who had naturalized after Petitioner's 18th birthday.  (*Id.* at 41.)

In his underlying Petition for Writ of Habeas Corpus, Petitioner argues that under *Flores-Torres v. Mukasey*, ICE lacks jurisdiction to detain him as an alien. *Flores-Torres v. Mukasey*, 548 F.3d 708 (9th Cir. 2008).  In his motion for injunctive relief, Petitioner alleges that his detention is unlawful because of the "document fraud" that has occurred through "brib[ing] two DHS employees to file false documents" in his immigration file. (Doc. 16 at 1.)  As a consequence, Petitioner seeks to be released into the FBI's custody or entry into the witness protection program.

## II.     Motion for Preliminary Injunction.

### A.     Legal Standard.

"'[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'"  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)).  To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

The Ninth Circuit's "serious questions" version of the sliding-scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*. *Alliance for the Wild Rockies v. Cottrell*, 632 F. 3d 1127, 1134 (9th Cir. 2011).  Under that test, a preliminary injunction is appropriate when a plaintiff demonstrates that "'serious questions going to the merits were raised and the balance of hardships tips

sharply in the plaintiff's favor.'" *Id.* at 1134-35 (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)).  The movant must also satisfy the other two *Winter* factors—likelihood of irreparable harm and that an injunction is in the public interest.  *Id.*  With respect to the irreparable harm prong, *Winter* specifically rejected the Ninth Circuit's "possibility of irreparable injury" standard.  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).  Under *Winter*, a party seeking preliminary relief must "demonstrate that irreparable injury is likely in the absence of an injunction." *Winter*, 555 U.S. at 22. The Court explained that "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Id.*

Additionally, because Petitioner seeks a mandatory injunction—an injunction altering the status quo—a "heightened standard" applies.  *Katie A. ex rel. Ludin v. Los Angeles County*, 481 F.3d 1150, 1156 (9th Cir. 2007).  A mandatory injunction is "'particularly disfavored'" and a "district court should deny such relief 'unless the facts and law clearly favor the moving party.'"  *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979). At this stage of the proceedings the facts and law do not clearly favor Petitioner.

### B.     Likelihood of Success on the Merits.

In his underlying Petition for Writ of Habeas Corpus, Petitioner argues that under *Flores-Torres*, ICE lacks jurisdiction to detain him as an alien because he acquired derivative citizenship through his stepfather, Adam Dostewicz, whom Plaintiff asserts is his birth father.  In his motion, Petitioner does not address his underlying citizenship claim.  Rather, he seeks release to the custody of the FBI or the Witness Protection Program.  This is not relief that is contemplated in *Flores-Torres*, which holds only that, notwithstanding 8 U.S.C. § 1252(b)(5), district courts retain habeas corpus jurisdiction to determine whether a petitioner with a non-frivolous claim to citizenship is in fact a

1   citizen and therefore entitled to release from ICE detention.  *Flores-Torres*, 548 F.3d at

2   713.

3        The federal courts of appeals retain exclusive jurisdiction under § 1252(b)(5) to

4   review a petitioner's claim that he may not be removed because he is a citizen of the

5   United States.  *Iasu v. Smith*, 511 F.3d 881, 889 (9th Cir. 2007).  If the documents

6   presented in a petition for review from a final order of removal reveal no material issue of

7   fact about the petitioner's nationality, the court of appeals is authorized to decide the

8   petitioner's nationality claim.  8 U.S.C. § 1252(b)(5)(A).  If, however,

9
10          the court of appeals finds that a genuine issue of material fact
            about the petitioner's nationality is presented, the court shall
11          transfer the proceeding to the district court of the United
            States for the judicial district in which the petitioner resides
12          for a new hearing on the nationality claim and a decision on
            that claim as if an action had been brought in the district court
13          under section 2201 of Title 28.

14  *Id.* § 1252(b)(5)(B).  Under § 1252(b)(5)(C), the "petitioner may have such nationality

15  claim decided only as provided in" § 1252(b)(5).  Accordingly, the district courts lack

16  jurisdiction to consider a petitioner's claim to citizenship in connection with an order of

17  removal.  *Iasu*, 511 F.3d at 889.

18       In *Flores-Torres*, after an IJ denied the petitioner's claim to citizenship, he filed a

19  habeas corpus action challenging his immigration detention on the grounds that he was a

20  United States citizen.  The district court dismissed for lack of jurisdiction Torres's claim

21  that he may not be detained by ICE because he is a citizen.  On appeal to the Ninth

22  Circuit, there was "no dispute that if Torres is a citizen the government has no authority

23  under the INA to detain him . . . and that his detention would be unlawful under the

24  Constitution and under the Non-Detention Act, 18 U.S.C. § 4001."  *Flores-Torres*, 548

25  F.3d at 710.  The "parties dispute[d] only whether § 1252 of the INA precludes the

26  district court from exercising habeas corpus jurisdiction over Torres's habeas petition."

27

28                                        - 4 -

*Id.*   The court held that § 1252 did not deprive the district court of habeas corpus jurisdiction over Torres's challenge to his detention—as opposed to his removal order—based on a non-frivolous claim to citizenship.   The court also determined that because Torres's "claim is non-frivolous on its face," the district court had habeas corpus jurisdiction to consider it.   *Id.* at 713.   But the court denied Torres's request for immediate release and instead "remand[ed] to the district court to hear the merits of his habeas petition."   *Id*.

Petitioner's allegation that he has a non-frivolous claim to citizenship does nothing more than establish the Court's jurisdiction to entertain his claim that his detention is unlawful.   To succeed on the merits, he must prove by a preponderance of the evidence that he is a United States citizen because immigration authorities are not prohibited from detaining a person born in another country who has nothing more than an arguable claim that he is a citizen.   But Petitioner makes no effort to establish his entitlement to citizenship.   And a movant who fails to prove an essential element of his claim has no chance of success on the merits.   Petitioner may change his position and attempt to prove that he is a citizen, but at this stage of the proceedings he has not demonstrated that he is likely to succeed on the merits.   Indeed, there is also substantial evidence to support the government's claim that he is not a citizen.   In addition to his order of removal, he has also at least twice failed to prove his citizenship before the CIS or an IJ.   (Doc. 14 at 4 ¶ 17; *id.*, Ex. DD.)   On the current record, it appears that Petitioner is unlikely to succeed on the merits of his claim to citizenship.

## C.   Likelihood of Irreparable Injury.

If Petitioner is not a citizen, his detention during removal proceedings is authorized under the Immigration and Nationality Act (INA).   *See* 8 U.S.C. § 1226(a). On the other hand, if Petitioner is a United States citizen, his continued detention by immigration authorities is not authorized under the INA and is unlawful under both the Non-Detention Act, 18 U.S.C. § 4001, and the Constitution.   "It is well established that

the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).   Accordingly, if Petitioner can demonstrate that he is likely to succeed on the merits, he will have necessarily demonstrated that he is also likely to suffer irreparable injury.  As previously explained, however, he has not demonstrated that he is likely to succeed on the merits.

### D.   Balance of Hardships and the Public Interest.

In *Hilton v. Braunskill*, 481 U.S. 770 (1987), the Court identified the relevant interests to be balanced in the context of a habeas corpus action.  Unlike this case, however, the petitioner had been granted relief by the district court and the government sought to maintain the status quo by staying his release pending its appeal.  In *Hilton*, Rule 23 of the Federal Rules of Appellate Procedure "create[d] a presumption of release from custody" because the district court had entered an order releasing the petitioner.  *Id.* at 774.  No such presumption applies in this case.  But even where the presumption applies, "it may be overcome if the traditional stay factors tip the balance against it."  *Id.* at 776.  The factors that should be considered in determining whether to release a habeas corpus petitioner include "the possibility of flight" and "the risk that the prisoner will pose a danger to the public if released."  *Id.* at 777.  The interest of the habeas petitioner in release will be strongest where those factors are weakest.  *Id.* at 777-78.  Ultimately the balance of the relative equities "may depend to a large extent upon the determination of the [movant's] prospects of success."  *Id.* at 778.

"Where the [movant] establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, [a stay] is permissible if the second and fourth factors in the traditional stay analysis militate against release.  Where the [movant's] showing on the merits falls below this level, the preference for release should control."  *Id.*  Here, of course, the movant is seeking release in the first instance but the preference favors the status quo—detention.

Petitioner, who bears the burden on each element of the preliminary injunction standard, has not claimed that he poses no danger to the public or that he is not a flight risk.  He has therefore failed to demonstrate that the balance of hardships tips sharply in his favor.  Moreover, as previously explained, his prospects of success on the merits are dim at best.  Accordingly, on the record currently before the Court, he has not clearly demonstrated that the facts and law favor granting him a mandatory preliminary injunction.

**III.    Motion for Ruling.**

Petitioner has filed a Motion for Ruling on his Petition for Writ of Habeas Corpus (Doc. 36.)  The Motion will be denied because Petitioner has not yet even attempted to prove that he is a citizen of the United States and an adjudication of his Petition without giving him an opportunity to do so would not serve the interests of justice.

**IV.    Conclusion.**

Petitioner fundamentally misunderstands, and has failed to meet, his burden in this action.  To succeed on the merits of his claim that his detention is unlawful, Petitioner must prove by a preponderance of the evidence that he is a United States citizen.  At this stage of these proceedings, the record does not support a finding that Petitioner is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of a preliminary injunction, that the balance of hardships tips in his favor, and that his release is in the public interest.  Accordingly, Petitioner's Motion for Preliminary Injunction (Doc. 16) is denied.

///

///

///

///

///

///

**IT IS ORDERED** withdrawing the reference to the Magistrate Judge as to Petitioner's Motion for Preliminary Injunction (Doc. 16) and Motion for Ruling (Doc. 36) and the motions are **denied**.

Dated this 29th day of February, 2016.

_____
David G. Campbell
United States District Judge