**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Pianka, | No. CV 14-2179-PHX-DGC (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles De Rosa, et al., | |
| Respondents. | |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

Petitioner Victor Pianka, who is confined in the Eloy Detention Center in Eloy, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Respondents have filed an Answer and Petitioner has filed a Reply. (Docs. 14, 15.) In addition, Respondents have filed a Sur-Reply (Doc. 27).

**BACKGROUND**

Petitioner, a native of Poland and lawful permanent resident, was taken into ICE custody on June 7, 2013 and placed in removal proceedings under Section 240 of the Immigration and Nationality Act ("INA"). (Doc. 41.) Petitioner was issued a Notice to Appear, alleging that he is deportable because he is a citizen of Poland, not a citizen of the United States, and on July 18, 2012, he was convicted of possession of drug paraphernalia in Maricopa County Superior Court. (Id.)

On December 30, 2013, Petitioner appeared for a bond hearing before an Immigration Judge (IJ). Petitioner testified that he had obtained United States citizenship through his

father, Adam Kostewicz, and that the record before the court showing that Mr. Kostewicz was neither his biological father nor his adoptive father was based on "fraudulent findings." (Id.)

The IJ found that "based on the evidence of record, [Petitioner] ha[d] not met his burden" of establishing that he had derived citizenship from Mr. Kostewicz or from Petitioner's biological mother, who had naturalized after Petitioner's 18th birthday. (Id.)

Most recently, on July 25, 2016, Respondents submitted a status report to update the Court regarding Petitioner's current custody status. (Doc. 42.) Respondents state that a bond hearing was conducted on May 11, 2016 pursuant to Rodriguez v. Robbins, 804 F.3d 1060 (9th Cir. 2015). Petitioner was represented at the hearing by an appointed qualified representative. The IJ set Petitioner's bond at $35,000. Petitioner has not yet posted bond and is still in ICE custody. Petitioner, through his appointed qualified representative, has appealed the IJ's bond determination to the Board of Immigration Appeals ("BIA"). Briefs were due to the BIA on August 1, 2016.

Regarding Petitioner's removal status, Respondents state that Petitioner was previously ordered removed. Petitioner was then appointed counsel, appealed the removal order, and requested that the removal case be remanded to the IJ to be re-litigated with the assistance of counsel. The BIA granted the motion to remand on October 31, 2014, and the removal and relief case was reheard on various dates from December 17, 2014 through June 12, 2015. Petitioner was represented by his appointed qualified representative during the remanded proceedings. On September 1, 2015, the IJ denied all relief and ordered Petitioner removed. Petitioner appealed to the BIA. The appeal has been fully briefed and is awaiting the BIA's decision.

In his Petition for Writ of Habeas Corpus, Petitioner argues that under Flores-Torres v. Mukasey, ICE lacks jurisdiction to detain him as an alien. See Flores-Torres v. Mukasey, 548 F.3d 708 (9th Cir. 2008). Specifically, Petitioner argues that under Flores-Torres, ICE

lacks jurisdiction to detain him as an alien because he acquired derivative citizenship through his stepfather, Adam Dostewicz, whom Petitioner asserts is his birth father.[1]

**DISCUSSION**

Since Petitioner is in removal proceedings, the instant claim could only be heard on remand from a petition for review of any administratively final removal order with the circuit court of appeals. See 8 U.S.C. § 1252(b)(5)(B). Under the statute, if the alien claims to be a citizen and the circuit court determines that a genuine issue of material fact exists about that claim, the circuit court will transfer the matter to the district court as if the alien's citizenship claim had initially been brought for a declaration of citizenship. See id. Thus, Petitioner would ordinarily have to fully exhaust his citizenship claim in those proceedings and on appeal with the circuit court before seeking it in the district court through a remand under section 1252(b)(5)(B).

The Ninth Circuit, however, recognized an exception to this statutory scheme in Flores-Torres. In Flores-Torres, a detained alien argued, through a writ of habeas corpus, that his detention was unlawful because he was a United States citizen. See Flores-Torres, 548 F.3d at 710. The government argued that the court lacked jurisdiction to consider the alien's citizenship claim in light of section 1252(b)(5)(B), contending that this section was the exclusive statutory scheme for considering citizenship claims in removal proceedings. See id. at 710-711.

---

[1] The Court notes that on February 29, 2016, the district court issued an Order on Petitioner's Motion for Emergency Injunctive Relief. In its discussion of Petitioner's likelihood of success on the merits, the Court stated that "Petitioner makes no effort to establish his entitlement to citizenship ... [a]nd a movant who fails to prove an essential element of his claim has no chance of success on the merits." The Court also found that "at this stage of the proceedings [Petitioner] has not demonstrated that he is likely to succeed on the merits." Lastly, the Court concluded that "there is also substantial evidence to support the government's claim that [Petitioner] is not a citizen," noting that in addition to his order of removal, he has also at least twice failed to prove his citizenship before the CIS or an IJ. Since the Court's Order, the record reflects no further submissions by Petitioner demonstrating a "change [in] his position [or] attempt to prove that he is a citizen."

The Ninth Circuit did not agree and drew a distinction between habeas petitions that challenge detention based on citizenship and those that challenge an alien's removal based on citizenship. See id. at 711. If an alien challenges his administratively final removal order by filing a habeas petition and claims he cannot be removed because he is a United States citizen, section 1252(b) forecloses review. See id. "Such challenges ... must be brought in a petition for review of the removal order." Id. However, if the alien is pre-removal order (i.e., removal proceedings have not been finalized), as in the instant matter, and challenges his detention through a habeas petition by claiming that he is a United States citizen, section 1252(b) does not foreclose review. See id.

Within this context, the detention challenge is considered separate from any ongoing removal proceedings and can proceed without implicating section 1252(b). See id. at 711-12. Accordingly, the Ninth Circuit concluded that the district court was the proper forum to consider the alien's citizenship claim as a basis for challenging his detention. See id. at 713.

Nevertheless, Flores-Torres does not require the Court to exercise jurisdiction over Petitioner's claim – the Court can exercise its discretion to decline jurisdiction and require prudential exhaustion before reaching the merits. See, e.g., Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007); Tapia v. DeRosa, 2013 WL 6512489 (D. Ariz. Dec. 11, 2013) (dismissing petitioner's writ of habeas corpus under the doctrine of prudential exhaustion); Derboghossian v. DeRosa, 2015 WL 403916 (D. Ariz. Jan. 29, 2015) (discussing prudential exhaustion and denying petitioner's habeas petition on that basis that petitioner did not meet the statutory requirements for citizenship). Courts may require prudential exhaustion if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga, 488 F.3d at 815 (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)).

Considering the above criteria, the Court finds that Petitioner should be required to exhaust his administrative remedies before seeking habeas relief. Here, Petitioner's

citizenship claim is directly intertwined with his removal proceedings. According to the record, Petitioner has had hearings on his claim to citizenship before the IJ, who has previously issued an "exhaustive written decision after reviewing nearly 50 exhibits," and, most recently, the removal proceedings are still pending before the BIA. Notably, Petitioner is represented by counsel in the administrative proceedings, whereas he is unrepresented in the instant matter. This court would not be an adequate substitute for the expertise of the administrative agency in reviewing Petitioner's claim to citizenship.

Furthermore, if the BIA were to affirm the IJ's ruling, Petitioner could then file a petition for review in the Ninth Circuit Court of Appeals. If that court found genuine issues of material fact about Petitioner's nationality, it would then refer the case to the district court for a new hearing on the nationality claim. See 8 U.S.C. § 1252(b)(5)(B). Thus, Petitioner will not be deprived of due process.

Additionally, relaxing the requirement of administrative exhaustion would encourage the deliberate bypass of the administrative scheme, in that anyone with a citizenship claim could proceed directly to federal court in a habeas corpus proceeding without any administrative review of the claim. Yet, requiring administrative exhaustion would allow the agency to correct any potential mistakes on its own, thereby precluding the need for judicial review.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the

Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. <u>See</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. <u>See</u> Rule 72, Federal Rules of Civil Procedure.

DATED this 12th day of October, 2016.

*/s/ Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge