**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Pianka,<br><br>        Petitioner,<br><br>v.<br><br>Charles De Rosa,<br><br>        Respondent. | No. CV-14-02179-PHX-DGC<br><br>**ORDER** |

On October 1, 2014, Petitioner Victor Pianka filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C § 2241. Doc. 1. On October 13, 2016, Magistrate Judge Michelle Burns issued a report and recommendation ("R&R") that the Court dismiss the petition under the doctrine of prudential exhaustion. Doc. 43. Petitioner filed objections (Doc. 47), and Respondents did not file a response. For the reasons set forth below, the Court will adopt Judge Burns's recommendation.

**I.     Background.**

Judge Burns provided the following summary of Petitioner's administrative proceedings and habeas corpus petition:

> Petitioner, a native of Poland and lawful permanent resident, was taken into ICE custody on June 7, 2013 and placed in removal proceedings under Section 240 of the Immigration and Nationality Act ("INA"). (Doc. 41.) Petitioner was issued a Notice to Appear, alleging that he is deportable because he is a citizen of Poland, not a citizen of the United States, and on July 18, 2012, he was convicted of possession of drug paraphernalia in Maricopa County Superior Court. (Id.)

On December 30, 2013, Petitioner appeared for a bond hearing before an Immigration Judge (IJ). Petitioner testified that he had obtained United States citizenship through his father, Adam Kostewicz, and that the record before the court showing that Mr. Kostewicz was neither his biological father nor his adoptive father was based on "fraudulent findings." (Id.)

The IJ found that "based on the evidence of record, [Petitioner] ha[d] not met his burden" of establishing that he had derived citizenship from Mr. Kostewicz or from Petitioner's biological mother, who had naturalized after Petitioner's 18th birthday. (Id.)

Most recently, on July 25, 2016, Respondents submitted a status report to update the Court regarding Petitioner's current custody status. (Doc. 42.) Respondents state that a bond hearing was conducted on May 11, 2016 pursuant to *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015). Petitioner was represented at the hearing by an appointed qualified representative. The IJ set Petitioner's bond at $35,000. Petitioner has not yet posted bond and is still in ICE custody. Petitioner, through his appointed qualified representative, has appealed the IJ's bond determination to the Board of Immigration Appeals ("BIA"). Briefs were due to the BIA on August 1, 2016.

Regarding Petitioner's removal status, Respondents state that Petitioner was previously ordered removed. Petitioner was then appointed counsel, appealed the removal order, and requested that the removal case be remanded to the IJ to be re-litigated with the assistance of counsel. The BIA granted the motion to remand on October 31, 2014, and the removal and relief case was reheard on various dates from December 17, 2014 through June 12, 2015. Petitioner was represented by his appointed qualified representative during the remanded proceedings. On September 1, 2015, the IJ denied all relief and ordered Petitioner removed. Petitioner appealed to the BIA. The appeal has been fully briefed and is awaiting the BIA's decision.

In his Petition for Writ of Habeas Corpus, Petitioner argues that under *Flores-Torres v. Mukasey*, ICE lacks jurisdiction to detain him as an alien. *See Flores-Torres v. Mukasey*, 548 F.3d 708 (9th Cir. 2008). Specifically, Petitioner argues that under *Flores-Torres*, ICE lacks jurisdiction to detain him as an alien because he acquired derivative citizenship through his stepfather, Adam Dostewicz, whom Petitioner asserts is his birth father.

Doc. 43 at 1-3.

**A.   Petitioner's Objections to the Characterizations of His Case.**

Petitioner makes several objections to Judge Burns's description of his case. First, he argues that Judge Burns "only mentions that he brought the claim of citizenship through his father and then mentions that the IJ made a finding. . . . omit[ing] that Petitioner had a claim of citizenship through three ways but that the IJ only determined two of them." Doc. 47 at 1. Petitioner appears to be alleging that Judge Burns incorrectly represents that the IJ considered Petitioner's claims. *See also id.* at 4. Additionally, Petitioner objects to Judge Burns mentioning "that Respondent's Status Update attempts to detail petitioner's bond status and about appointed counsel . . . because bond is irrelevant to the fact that petitioner is a United States Citizen in Immigration detention[,]" and because Petitioner's counsel has an alleged "conflict of interest." *Id.* at 2.[1] Whether the IJ adequately considered all of Petitioner's claims and whether Petitioner's appointed counsel in his administrative hearings has a conflict of interest are not issues before this Court. Rather, these are issues that Petitioner may raise before the BIA and on appeal to the Ninth Circuit once the BIA has made a final determination in his case.[2]

The only issue before this Court is whether it should exercise jurisdiction over Petitioner's claim, and, if so, whether Petitioner's claim that he is a U.S. citizen has merit. To the extent that Petitioner's citizenship is being actively considered in separate administrative hearings, the existence and status of these hearings are relevant to the Court's decision. Additionally, as an individual must be in custody in order to bring a habeas petition, Petitioner's bond hearing and his continuous detention by ICE are also relevant. The Court finds no meaningful error in Judge Burns's case description.

---

[1] Petitioner also alleges that "counsel was erroneously appointed through multiple due process violations." Doc. 47 at 3. He does not provide any factual support or explanation as to how appointment of counsel violated his due process rights.

[2] Petitioner argues that fraud claims were presented to the IJ, but not considered. Doc. 47 at 4. Additionally, Petitioner notes that he has already brought an ineffective assistance of counsel claim in his administrative proceedings. *Id.* at 6.

### B.     Petitioner's Objections to the Legal Conclusions of Judge Burns.

In his habeas petition, Petitioner argues that under *Flores-Torres*, ICE lacks jurisdiction to detain him because he is a U.S. citizen. Ordinarily, an individual who has been issued a final administrative removal order may only appeal that order to the circuit court. 8 U.S.C. § 1252; *Flores*, 548 F.3d at 710 (9th Cir. 2008). If the alien claims to be a U.S. citizen and the circuit court determines that a genuine issue of material fact exists, the circuit court will transfer the matter to the district court. § 1252(b)(5)(B). In line with this rule, where an individual has received a final administrative removal order, he may not bring a habeas petition before a district court challenging his detention based on allegations that he is a U.S. citizen. *Carrillo-Lozano v. Stolc*, 669 F. Supp. 2d 1074, 1078 (D. Ariz. 2009) ("Because the immigration tribunals have already issued a final removal order, the Court cannot rule on Petitioner's challenge to his detention on the basis of his nationality without directly implicating the final order of removal.").

Judge Burns recognized, however, that under *Flores-Torres* an individual who has not yet received a final administrative removal order may challenge his detention through a habeas petition. Although 8 U.S.C. § 1252(b) does not deprive the Court of jurisdiction to consider this case, Judge Burns found that "*Flores-Torres* does not require the Court to exercise jurisdiction over Petitioner's claim – the Court can exercise its discretion to decline jurisdiction and require prudential exhaustion before reaching the merits." Doc. 43 at 4. Citing to factors set out by the Ninth Circuit, Judge Burns concluded that the Court should exercise this discretion. *Id.* (citing *Puga v. Chertoff*, 488 F.3d 812 (9th Cir. 2007)). Petitioner objects to this finding "that Petitioner still has to exhaust his remedies." *Id.* at 5.

While "only an 'alien' is required to exhaust administrative remedies under the INA[,]" *Flores-Torres v. Mukasey*, 548 F.3d 708, 712 (9th Cir. 2008), "the judicially created, prudential exhaustion doctrine [is] applicable to all habeas petitions filed under 28 U.S.C. § 2241," *Sun v. Ashcroft*, 370 F.3d 932, 936 (9th Cir. 2004). *See also Tapia v. DeRosa*, No. CV-12-02393-PHX-FJM, 2013 WL 6512489, at *2 (D. Ariz. Dec. 12, 2013)

(dismissing habeas petition alleging petitioner is a U.S. citizen unlawfully detained by ICE under the doctrine of prudential exhaustion).[3]

> Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).

The Court agrees with Judge Burns that, considering the above criteria, prudential exhaustion should be required in this case. The exact issue Petitioner is asking the Court to decide – whether he is a citizen of the United States – is currently being decided in an administrative proceeding pending before the BIA, which has expertise in determining matters of citizenship and immigration. The BIA has access to an extensive record, including a decision from the IJ and full briefing from the parties. Claims of ineffective assistance of counsel notwithstanding, Petitioner is also represented by counsel before the BIA, in contrast with his *pro se* status here. The BIA is in a better position to make a determination on Petitioner's nationality.

Additionally, relaxation of the exhaustion requirement would encourage deliberate bypass of the administrative scheme, as any individual with a citizenship claim could immediately file a habeas petition in federal district court challenging the legality of his confinement by ICE without having to wait for administrative determination of his status.

---

[3] "'The Constitution is violated when a person with a non-frivolous claim to U.S. citizenship is deported without receiving a judicial determination of that claim.'" *Iasu v. Smith*, 511 F.3d 881, 886 (9th Cir. 2007) (quoting *Rivera v. Ashcroft*, 394 F.3d 1129, 1140 (9th Cir. 2005)). Petitioner, however, will have an opportunity to appeal the final administrative determination of his nationality to the Ninth Circuit, securing a judicial determination of his claim before he is deported.

Finally, the IJ and BIA will not have an opportunity to remedy any incorrect determinations concerning the nationality of individuals if the issue may immediately be considered by the district court without administrative exhaustion. True, the Ninth Circuit has expressed concern "that an individual who asserts a non-frivolous claim of citizenship can be detained during immigration proceedings – which, for Torres, has already lasted over two years – without habeas review." *Flores-Torres*, 548 F.3d at 712. But a district court may always decline to require prudential exhaustion in an appropriate case.

Petitioner's claim is currently awaiting final determination by the BIA. If the BIA reverses the IJ's ruling, this habeas proceeding will be unnecessary. If, in contrast, the BIA upholds the ruling, Petitioner may appeal to the Ninth Circuit. Should the Ninth Circuit find a genuine issue of material fact concerning Petitioner's nationality, the case will be referred to a district court for a new determination of his nationality claim.

**IT IS ORDERED:**

1. Magistrate Judge Michelle H. Burns's R&R (Doc. 43) is **accepted.**
2. The Petition for writ of habeas corpus (Doc. 1) is **denied**.
3. The Clerk of the Court is directed to **terminate** this action.

Dated this 19th day of December, 2016.

_____
David G. Campbell
United States District Judge